GLENN W. TROST (State Bar No. 116203)
COUDERT BROTHERS LLP
333 South Hope Street, 23rd Floor
Los Angeles, California 90071
tel: (213) 229-2900
fax: (213) 229-2999

DAVID E. KILLOUGH (State Bar No. 110719)
VINSON & ELKINS L.L.P.
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, TX 78746
tel: (512) 542-8428
fax: (512) 236-3253

Attorneys for Plaintiff International Rectifier Corporation

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| INTERNATIONAL RECTIFIER CORPORATION,<br><br>PLAINTIFF,<br><br>VS.<br><br>IXYS CORPORATION,<br><br>DEFENDANT.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV-02-8507-R<br><br>[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW RE SUMMARY JUDGMENT OF PATENT INFRINGEMENT AND ENTRY OF FINAL JUDGMENT INCLUDING A PERMANENT INJUNCTION (L.R. 56-1)<br><br>Date: August 18, 2003<br>Time: 10:00 a.m.<br>Court: The Honorable Manuel L. Real |
|---|---|

The Court makes the following findings of fact and conclusions of law in connection with its grant of Plaintiff International Rectifier Corporation's Motion For Summary Judgment of Patent Infringement and Entry of Final Judgment Including a Permanent Injunction:

1

Statement Of Uncontroverted Facts And Conclusions Of Law

## I. FINDINGS OF FACT

1. This action is brought under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1338(a). Venue is based on 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). (Complaint, entered Nov. 5, 2002; ¶ 1; Answer to Complaint, entered March 11, 2003, ¶ 1.)

2. The parties are plaintiff International Rectifier Corporation ("IR") and defendant IXYS Corporation ("IXYS"). IXYS has been served and has appeared. (Complaint; Return of Summons and Proof of Service; Answer to Complaint.) Defendants Does 1-10 are hereby dismissed.

3. IR is a corporation duly organized and existing under the laws of the State of Delaware, with its corporate headquarters and principal place of business within the Central District of California. (Complaint, ¶ 2; Answer to Complaint, ¶ 2.)

4. IXYS is a corporation organized under the laws of the State of Delaware, with its principal place of business in Santa Clara California. IXYS does business in this District, *inter alia*, through its sales representatives and distributors. (Complaint, ¶¶ 3-5; Answer to Complaint, ¶¶ 3-5.)

5. U.S. Patent No. 6,476,481 (the "'481 patent"), entitled "High Current Capacity Semiconductor Device Package and Lead Frame with Large Area Connection Posts and Modified Outline," attached as Exhibit A to IR's Complaint, issued on November 5, 2002. As indicated on the face of the '481 patent, it is assigned to IR. (Complaint, ¶ 6 and Exhibit A thereto; Answer to Complaint, ¶ 6.)

6.  In its Complaint, IR alleges that IXYS has made, used, sold or offered for sale in, or has imported into, this District, and elsewhere in the United States, articles infringing at least one claim of the '481 patent. (Complaint, ¶ 7.)

7.  In answer to IR's complaint, IXYS denied infringement and asserted that the '481 patent is invalid and unenforceable. (Answer to Complaint.)

8.  In response to requests for admission propounded by IR pursuant to Rule 36, IXYS has admitted that its original ISOPLUS220 devices contained each and every element of Claims 1 through 5 of the '481 patent. (Complaint, Exhibit A, cols. 7-8; Defendant IXYS Corporation's Responses to Plaintiff's First Request for Admissions, dated July 15, 2003, Nos. 116-132.)

9.  In response to an interrogatory propounded by IR pursuant to Rule 33 and requesting that IXYS "identif[y] for each claim of the '481 patent and each Accused Product every claim element [IXYS] contend[s] is absent from such product, [IXYS's] construction of that claim element and [IXYS's] basis and reasons for [its] contention that such claim element is absent from such product," IXYS did not state any non-infringement contentions or basis or reasons therefor, but instead expressly withdrew its non-infringement contentions as to devices of its original product design. (Defendant IXYS Corporation's Responses to Plaintiff's First Set of Interrogatories, dated July 15, 2003, Interrog. No. 1 and Resp. to Interrog. No. 1.)

10. Likewise, IXYS also has expressly withdrawn its non-infringement contentions as to products of its original product design in response to other IR discovery. (*See, e.g.*, Defendant IXYS Corporation's Responses to Plaintiff's First Request for Admissions, pp. 1-2; Defendant IXYS Corporation's Responses to Plaintiff's First Request for Production of Documents, dated July 15, 2003, p. 4, line 10; IXYS Corporation's

Responses to Plaintiff's Second Set of Interrogatories, dated July 15, 2003, p. 4, lines 13-14.)

11. In response to an interrogatory propounded by IR pursuant to Rule 33 and requesting that IXYS "identify each Accused Product made by you in the United States or used, offered for sale or sold in or imported into the United States by [IXYS]," IXYS identified devices of its original product design bearing the following part numbers as has having been shipped between November 5, 2002 (when this action was filed) and November 19, 2002 (when IXYS represents it discontinued its original product design): DSEC29-06AC, IXFC80N10, IXFC26N50Q, DSEE29-12CC, DSEA59-06BC and IXKC25N80C. (Defendant IXYS Corporation's Responses to Plaintiff's First Set of Interrogatories, Interrog. No. 2, Resp. to Interrog. No. 2 and Exhibit A thereto; *see also*, Defendant IXYS Corporation's Responses to Plaintiff's First Set of Interrogatories, Interrog. No. 3 and Resp. to Interrog. No. 3; Declaration of Glenn W. Trost, Ex. 5 [2-page e-mail from Roger L. Cook., dated July 15, 2003].) Each of those part numbers identifies an ISOPLUS220 device. (Declaration of Glenn W. Trost, Ex. 6 [IXYS Product Data Sheets].)

12. In response to an interrogatory propounded by IR pursuant to Rule 33 and requesting that IXYS "[s]eparately for each affirmative defense stated in [its] Answer to Complaint dated March 10, 2003, state all facts on which [it] base[s] that defense, including (without limitation) in [its] answer to this interrogatory a detailed explanation of the basis and reasons for [its] contentions stated in that defense," IXYS stated no facts to support any of its affirmative defenses and expressly withdrew its patent non-infringement, invalidity and unenforceability contentions. (Defendant IXYS Corporation's Responses to Plaintiff's First Set of Interrogatories, Interrog. No. 1, Resp. to Interrog. No. 1; *see also*, Defendant IXYS Corporation's Responses to Plaintiff's First Request for Admissions, pp. 1-2; Defendant IXYS Corporation's Responses to Plaintiff's First Request for Production of

Documents, dated July 15, 2003, p. 4, lines 10-11; IXYS Corporation's Responses to Plaintiff's Second Set of Interrogatories, dated July 15, 2003, p. 4, lines 13-15.)

13. "When evaluating a motion for summary judgment, the court views the record evidence through the prism of the evidentiary standard of proof that would pertain at trial on the merits. Under the patent statutes, a patent enjoys a presumption of validity, which can be overcome only through clear and convincing evidence. ... Thus ... a moving party seeking to have a patent held not invalid [or not unenforceable] on summary judgment must show that the nonmoving party, who bears the burden of proof at trial, failed to produce clear and convincing evidence on an essential element of a defense upon which a reasonable jury could invalidate the patent." *Eli Lilly and Company v. Barr Laboratories, Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001) (citations omitted). "[T]he burden on the moving party may be discharged by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

14. IR has agreed to forego any claim of willful infringement and money damages on entry of summary judgment as to the liability issues in this action, thus permitting this action to proceed promptly to final judgment. (IR Memo. of P&As, p. 1.)

15. "Infringement having been established, it is contrary to the laws of property, of which the patent law partakes, to deny the patentee's right to exclude others from use of his property. . . . [T]he right to exclude recognized in a patent is but the essence of the concept of property. It is the general rule that an injunction will issue when infringement has been adjudged, absent a sound reason for denying it." *Richardson v. Suzuki Motor Co., Ltd.*, 868 F.2d 1226, 1246-47 (Fed. Cir. 1989) (citations and quotation marks omitted); *see also W.L. Gore & Associates, Inc. v. Garlock, Inc.*, 842 F.2d 1275, 1281 (Fed. Cir. 1988) ("This court has indicated that an injunction should issue once infringement has been

established unless there is a sufficient reason for denying it."); 7 Chisum on Patents § 20.04[2] (2002) ("A patent owner prevailing on the merits of a patent *infringement claim* will usually be granted a permanent injunction against future infringement unless the public interest otherwise dictates.").

16. "The fact that the defendant has stopped infringing is generally not a reason for denying an injunction against future infringement unless the evidence is very persuasive that further infringement will not take place. The argument in such circumstances is very simple. If the defendant be honest in his protestations an injunction will do him no harm; if he be dishonest, the court should place a strong hand upon him." *W.L. Gore & Assoc.*, 842 F.2d at 1281 (quotation marks and citations omitted). There is nothing to suggest that IXYS no longer has the capacity to return to its original product design.

17. Once patent validity and infringement have been clearly established, immediate irreparable injury is presumed. *See, e.g., Smith International, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1581 (Fed. Cir. 1983).

18. IR and IXYS are competitors. (Declaration of Glenn W. Trost, Ex. 7 [IXYS SEC Form 10K for the fiscal year ended March 31, 2003, p. 10 ("Our primary power semiconductor competitors include ... International Rectifier ....") Where the patentee and infringer compete, the patentee is injured by the denial of an injunction. *B&H Mfg., Inc. v. Owens-Illinois Glass Container, Inc.*, 22 U.S.P.Q. 2d 1551, 1553 (N.D. Ga. 1991); *see also Windsurfing International, Inc. v. AMF Incorporated*, 782 F.2d 995, 1003 (Fed. Cir. 1986) (that competition from a given infringer is small is not alone a basis for denying an injunction).

19. Denial of an injunction also would irreparably injure IR by depriving it of the very essence of its patent right – *i.e.*, the right to exclude others from using its patented

invention. *Odetics, Inc. v. Storage Technology Corp.*, 14 F. Supp 2d 785, 797 (E.D. Va. 1998).

20. Absent a permanent injunction, IR could be forced to file another of suit to recover damages and an injunction if IXYS recommences production of the products it discontinued after this suit was filed. A compulsory license enforced through *seriatim* lawsuits is not an adequate remedy at law. *E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*, 711 F. Supp. 1205, 1227 (D. Del. 1989) ("Du Pont will be entitled to bring suit to obtain damages for any infringement that may occur in the future. [] But the Court cannot now conclude that this remedy would be adequate in view of the multiplicity of suits that might be necessary over the remaining life of the patent."); *Odetics*, 14 F.Supp.2d at 795 ("[D]amages do[] not allow [the patentee] to exercise the monopoly power granted to it by the statute; an injunction is the only remedy that can achieve that goal.").

21. The public interest strongly favors the entry of an injunction here. "Congress shall have Power ... to promote the Progress of ... the useful Arts, by securing for limited times to ... Inventors the exclusive Right to use their Discoveries." U.S. Const. art. 1, § 8. In order to animate the Framers' paramount determination that the public interest in promoting progress in the useful arts implies exclusive rights for limited times, courts of equity must enjoin infringement of inventors' exclusive rights. *PPG Indus. v. Guardian Indus. Corp.*, 75 F.3d 1558, 1567 (Fed. Cir. 1996) (a "strong public policy favor[s] the enforcement of patent rights"); *Pittway v. Black & Decker*, 667 F. Supp. 585, 593 (N.D. Ill. 1987) ("Generally, it may be said protecting patents from would-be infringers is always acting in the public interest"). As noted above, it is not in the public interest to convert IR's exclusive rights into a compulsory license that must be enforced by a series of post-judgment lawsuits.

22. No adequate reason exists here to except this case from the general rule that a permanent injunction will issue against adjudicated infringement. Consideration of the merits, the balance of equities and the public interest here weighs heavily in favor of granting a permanent injunction.

23. Any of the following "conclusions of law" that constitutes a finding of fact is incorporated herein by reference.

## II.  CONCLUSIONS OF LAW

1. Any of the foregoing "findings of fact" that constitutes a conclusion of law is incorporated herein by reference.

2. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

3. On the record here, where IXYS has admitted that its discontinued products included each and every element of Claims 1 through 5 of the '481 patent and IXYS has not adduced any evidence to meet its burden to prove patent invalidity or unenforceability, IR is entitled to summary judgment on all liability issues – *i.e.*, that IXYS has infringed Claims 1 through 5 of the '481 patent and that the '481 patent is not invalid and is not unenforceable.

4. This Court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

5. Accordingly, the Court has, by separate order as part of the Final Judgment in this action, permanently enjoined IXYS Corporation, and its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them who receive actual notice thereof, from making, using, offering to sell or selling in, or importing into, the United States, any device covered by one or more of Claims 1 through 5 of U.S. Patent No. 6,476,481.

Dated: Aug. 25, 2003

_____
United States District Judge

Submitted by:

**COUDERT BROTHERS**

**VINSON & ELKINS L.L.P.**

By: _____
Glenn W. Trost
Attorneys for Plaintiff International Rectifier Corporation

# **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 333 South Hope Street, Los Angeles, California 90071.

On July 23, 2003, I served the foregoing document(s) described as

**[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW RE SUMMARY JUDGMENT OF PATENT INFRINGEMENT AND ENTRY OF FINAL JUDGMENT INCLUDING A PERMANENT INJUNCTION (L.R. 56-1)**

on the interested parties in this action, at the following addresses:

Roger L. Cook, Esq.
Townsend & Townsend & Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111

( )   (For Collection). By placing a true copy (copies) thereof enclosed in a sealed envelope(s), addressed as above, and by placing said sealed envelope(s) for collection and mailing on that date following ordinary business practices. I am "readily familiar" with the business' practice for collection and processing of correspondence for mailing the U.S. Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

(X)   (Overnight Delivery). By placing a true copy(ies) thereof enclosed in a sealed envelope(s) or package(s) as designated by Federal Express, addressed as above, and depositing said envelope(s) or package(s), with delivery fees provided for, in a box regularly maintained by Federal Express at 333 South Hope Street, Los Angeles, California 90071.

( )   (Courtesy copy via Facsimile). By transmitting a true copy(ies) thereof to each of the designated counsel on the service list to their facsimile numbers as listed below.

( )   (Personal Delivery). I caused to be served by messenger for personal delivery that same day the foregoing documents in a sealed envelope to the above persons at the address(es) listed above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 23, 2003, at Los Angeles, California.

*[signature]*